**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RUBEN RHODES,**

    **Petitioner,**

    v.

**WARDEN, ROSS
CORRECTIONAL INSTITUTION,**

    **Respondent.**

              **Case No. 2:16-cv-0074
              JUDGE MICHAEL H. WATSON
              Magistrate Judge King**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Return of Writ* (ECF No. 9), Petitioner's *Traverse* (ECF No. 12), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> Rhodes was accused of making several trips to Florida to acquire controlled substances to be sold in central Ohio. This led to two separate indictments. The first indictment was issued on August 9, 2012 and included one count of engaging in a pattern of corrupt activity, five counts of aggravated trafficking in drugs as a felony of the second degree, two counts of aggravated trafficking in drugs as a felony of the fourth degree, and three counts of aggravated possession of drugs as felonies of the fifth degree.
>
> On July 19, 2013, Rhodes was indicted a second time. This time he was charged with six counts of aggravated funding of drug trafficking as felonies of the first degree. He also was charged with

>another count of aggravated trafficking in drugs as a felony of the second degree.
>
>The two indictments were tried in a single trial. The jury returned verdicts of guilty as to all counts.
>
>\*\*\*

*State v. Rhodes,* No. 13AP-821, 13AP-845, 2014 WL 2465312, at *1 (Ohio App. 10th Dist. May 29, 2014). The trial court sentenced Petitioner on all counts, for a total aggregate sentence of 37 years' imprisonment. *Judgment Entry* (ECF No. 9-1, PageID# 84). Petitioner filed a timely appeal, presenting the following claims:

>I. THE TRIAL COURT ERRED WHEN IT ALLOWED THE TESTIMONY OF AN EXPERT WITNESS WHO WAS NOT PREVIOUSLY DISCLOSED TO DEFENDANT'S COUNSEL.
>
>II. APPLICANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
>III. THE TRIAL COURT ERRONEOUSLY APPLIED THE DOCTRINE OF MERGER IN THE SENTENCE OF APPELLANT.

*Id*. On May 29, 2014, the state court of appeals overruled the first and second assignments of error, and overruled in part and sustained in part the third assignment of error:

>[The trial court's sentencing on all charges for which the jury returned guilty verdicts] does not constitute strict compliance with R.C. 2941.25, since the statute bars a conviction on certain charges and does not mandate concurrent sentences.
>
>The State of Ohio has acknowledged that the trial court erred by sentencing Rhodes on two of the possession charges at the same time it sentenced him on related trafficking charges involving the same controlled substances. This mistake by the trial court necessitates a new sentencing proceeding.

*Id*. The appellate court therefore remanded the case to the trial court for a new sentencing hearing. *Id*. Petitioner did not file a timely appeal to the Ohio Supreme Court from that decision

2

but, on December 17, 2014, Petitioner filed a motion for delayed appeal to the Ohio Supreme Court. (ECF No. 9-1, PageID# 179). On January 28, 2015, the Ohio Supreme Court denied that motion. *State v. Rhodes*, 141 Ohio St.3d 1453 (2015).

Meanwhile, the trial court held a re-sentencing hearing pursuant to the order of remand from the Ohio Court of Appeals. On December 4, 2014, the trial court filed a resentencing entry which re-imposed a total aggregate term of 37 years' incarceration. *Resentencing Entry* (ECF No. 9-1, PageID# 193-97). The entry recognized that Counts 83 and 84 merged with Counts 85 and 86, but nevertheless appeared to impose separate sentences for each of those four counts; that entry also credited Petitioner with 549 days of jail time. *Id.* (PageID# 195-96). On December 23, 2014, Petitioner filed a *pro se* appeal from that entry. *Notice of Appeal* (ECF No. 9-1, PageID# 208).[1] On December 9, 2014, the trial court filed a corrected resentencing entry, which again recognized that Counts 83 and 84 merged with counts 85 and 86 and which deleted the separate sentences imposed in connection with Counts 83 and 84; that entry continued to credit Petitioner with 549 days of jail time. *Corrected Resentencing Entry* (ECF No. 9-1, PageID# 200-01). On December 23, 2014, the trial court filed a corrected/amended resentencing entry that maintained the deletion of sentences in connection with Counts 83 and 84, but which credited Petitioner with only 349 days of jail time. *Corrected/Amended Resentencing Entry* (ECF No. 9-1, PageID# 205-06). On June 2, 2015, Petitioner, acting through counsel, sought and was granted leave to voluntarily dismiss the appeal. *Motion to Dismiss Appeal* (ECF No. 9-1, PageID# 209-11); *Journal Entry of Dismissal* (ECF No. 9-1, PageID# 212).[2]

---

[1] Although the *Notice of Appeal* was filed by Petitioner *pro se*, it appears that appellate counsel thereafter entered an appearance on Petitioner's behalf. *Docket Sheet* (ECF No. 9-1, PageID# 245-46).
[2] Petitioner also filed a *pro se* motion with the trial court for leave to inspect the grand jury minutes, *Motion for Grand Jury Transcripts* (ECF No. 9-1, PageID# 213-16), which was denied by the trial court. *Decision and Entry* (ECF No. 9-1, PageID# 217-18). However, proceedings relating to that motion are not relevant to these habeas proceedings.

Petitioner filed this action on January 26, 2016, alleging that the trial court improperly permitted the State to call one Robert Amiet as an expert witness without providing the expert's report to the defense or allowing defense counsel to question the expert (claim one); that he was denied the effective assistance of trial counsel due to his attorney's failure to move for a judgment of acquittal after the jury's verdict, failure to request a continuance after the State announced its intent to call Amiet as an expert witness (claim two); that his convictions constitute allied offenses of similar import that should have been merged at sentencing (claim three); and that he was denied a fair trial based on cumulative error (claim four).[3]  Respondent contends that Petitioner's claims are procedurally defaulted or without merit.

## Procedural Default

State prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, however, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims to the state courts, then his petition is subject to dismissal for failure to exhaust state court remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982) *(per curiam)* (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those

---

[3] In his *Traverse*, Petitioner argues, in addition, that he was denied a fair trial due to the trial court's issuance of defective jury instructions and that he was denied the effective assistance of counsel based on his attorney's failure to object to those instructions, and because his attorney failed to advise him regarding the scientific names of drugs charged in the *Indictment.* Petitioner cannot assert for the first time in his traverse new claims that were not raised in the *Petition.*  The Court will therefore not address these additional claims.

claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas. . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One aspect of this "fair presentment" requirement is that the habeas petitioner must present his federal claims to the state courts in a way that gives the state courts a fair opportunity to rule on the asserted federal law claims. If the federal claims are not presented to the state courts in the manner required by state law and, as a consequence, the state courts do not decide the merits of those claims, neither may a federal court do so. Such claims are "procedurally defaulted." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim has been procedurally defaulted by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court

has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause sufficient to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute such cause, however, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray,* at 479). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). If the ineffective assistance of counsel claim is itself procedurally defaulted, the petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to" that claim. *Edwards,* 529 U.S. at 450–51. The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115

6

> L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." *Id*., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting *id*., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time run'" so that state remedies were no longer available. *Id*., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].'" *Id*., at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Id*. at 452–53.

If, after considering all four factors of the *Maupin* test, the federal habeas court concludes that a procedural default has occurred, the court must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray,* 477 U.S. at 495–96).

In claim one, Petitioner alleges that the trial court erred by admitting the testimony of the State's previously undisclosed expert witness. In claim two, Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to request a continuance or move for a judgment of acquittal. In claim three, Petitioner alleges that his convictions constitute allied offenses of similar import. Petitioner properly raised all these claims on direct

appeal; however, he failed to file a timely appeal of the appellate court's May 29, 2014, decision to the Ohio Supreme Court, and the Ohio Supreme Court denied his subsequent motion for a delayed appeal. Petitioner therefore has procedurally defaulted his claims. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Further, Petitioner may now no longer properly present these claims to the state courts by operation of Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967) (claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*.). The state courts were never given an opportunity to enforce this procedural rule due to the nature of Petitioner's procedural default.

Petitioner may still secure this Court's review of the merits of his claims if he demonstrates cause for his failure to follow the state procedural rule, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). However, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner has failed to do so here.

As cause for his procedural default, Petitioner insists that the state court has yet to issue a valid judgment entry of sentence, apparently based upon the trial court's issuance of corrected re-sentencing entries. *Traverse* (ECF No. 12). However, the trial court issued a valid judgment of sentence after re-sentencing from which Petitioner was able to file an appeal. Significantly, the state appellate court dismissed that appeal upon Petitioner's own request. *Motion to Dismiss*

8

*Appeal* (ECF No. 9-1, PageID# 209-11); *Journal Entry of Dismissal* (ECF No. 9-1, PageID# 212).

Further, Petitioner procedurally defaulted his claims when he failed to file a timely appeal of the appellate court's May 29, 2014, decision to the Ohio Supreme Court. The fact that the trial court conducted a re-sentencing hearing, on remand, for the limited purpose of merging Petitioner's convictions on drug possession and drug trafficking charges did not serve to "resurrect" the claims raised in his initial appeal. *See Piesciuk v. Kelly,* No. 1:14-cv-185, 2015 WL 1637425, at *17 (S.D. Ohio April 13, 2015)(correction by the state court of restitution orders, pursuant to an order of remand by the state appellate court, did not resurrect issues that were or could have been raised on a prior appeal; all such claims were barred under Ohio's doctrine of *res judicata* in criminal cases); *State v. Davis*, 139 Ohio St.3d 122, 128 (2014)(*res judicata* bars a defendant from raising, after re-sentencing following a grant of habeas corpus, a claim that could have been raised on the first appeal); *State v. Fischer*, 128 Ohio St.3d 92, 100-101 (2010)(in an appeal from a resentencing hearing following remand, defendant - "having already had the benefit of one direct appeal [-] could not raise any and all claims of error in a second, successive appeal."); *State v. Snider*, No. 2010-CA-00128, 2011 WL 684167, at *2 (Ohio App. 5th Dist. Feb. 22, 2011)(same)(citing *State v. Ketterer*, 126 Ohio St.3d 448 (2010)); *see also State v. Steimle*, Nos. 82183, 82184, 2003 WL 22100658, at *2 (Ohio App. 8th Dist. Sept. 11, 2003)("The doctrine of *res judicata* bars further litigation in a criminal case of issues which were raised previously or could have been raised previously in a direct appeal)(citation omitted).

> "[A]ny issue that could have been raised on direct appeal and was not is *res judicata* and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 16. "Under the doctrine of *res judicata*, a final judgment

9

> of conviction bars the convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on appeal from that judgment." (Emphasis sic.) *Id*. at ¶ 17, quoting *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. As the court explained, "the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, *res judicata* promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which defendant already received a full or fair opportunity to be heard." *Id*. at ¶ 18.
>
> Applying those principles, the Supreme Court determined that if "a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing. * * *
>
> Accordingly, a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by *res judicata* from appealing that sentence following a remand for resentencing on other offenses." *Id*. at ¶ 19.
>
> In the same way, a defendant who fails to appeal his conviction for a certain offense cannot take advantage of an alleged error in resentencing to gain a second opportunity to appeal the finding of guilt.

*State v. Morgan,* No. 06AP-620, 2007 WL 1080654, at *3 (Ohio App. 10th Dist. April 10, 2007). Thus, the trial court's subsequent issuance of corrected re-sentencing entries did not affect Petitioner's procedural default in failing to file a timely appeal to the Ohio Supreme Court from the original judgment of conviction.

Further, Petitioner has failed to establish cause and prejudice for his procedural default. Petitioner indicated, as cause for his untimely filing in the Ohio Supreme Court, that his attorney had failed to advise him of the right to file an appeal. *Motion for Delayed Appeal* (ECF No. 9-1, PageID# 179-80). However, a petitioner's *pro se* status, ignorance of the law, or ignorance of

procedural requirements are insufficient bases to excuse a procedural default. *Bonilla,* 370 F.3d at 498. In short, Petitioner has failed to establish cause and prejudice for his procedural default.

The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496. In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court in reaching the merits of an otherwise procedurally-barred habeas petition. *Schlup*, 513 U.S. at 317. However, the actual innocence claim is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id*. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond

11

>a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter,* 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here. After an independent review of the record, the Court does not deem this to be so extraordinary a case as to relieve petitioner of his procedural default.

Petitioner has waived claims one through three for federal habeas review.

### Claim Four

In claim four, Petitioner alleges that he was denied a fair based on cumulative error. Such a claim, however, does not support a grant of federal habeas corpus relief. "[P]ost-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)(citing *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002)). This Court is bound by that rule and thus cannot grant Petitioner relief on this claim.

Claim four is without merit.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Norah McCann King*
    Norah McCann King
    United States Magistrate Judge

April 7, 2017