

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RUBEN RHODES,**

    Petitioner,

v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

    Respondent.

Case No. 2:16-cv-0074
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## OPINION AND ORDER

On April 7, 2017, the Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. *Report and Recommendation*, ECF No. 14. Petitioner objects to that recommendation. *Obj.*, ECF No. 21.[1] Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the Report and Recommendation ("R&R"). For the reasons that follow, Petitioner's objection, ECF No. 21, is **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**, and this action is hereby **DISMISSED**. Moreover, the Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions, following a jury trial in the Franklin County Court of Common Pleas, on one count of engaging in a pattern of corrupt activity, eight counts of aggravated trafficking in drugs, three counts of aggravated possession of drugs, and six counts of aggravated funding of drug trafficking. Petitioner claims that the trial court improperly permitted the State to call one Robert Amiet as an expert

---

[1] The Court previously adopted the *Report and Recommendation* without objection, *Order*, ECF No. 15; *Judgment*, ECF No. 16, but vacated that judgment and granted Petitioner's request for an extension of time to object, *Order*, ECF No. 20.

witness without providing the expert's report to the defense or allowing defense counsel to question the expert (claim one); that he was denied the effective assistance of trial counsel due to his attorney's failure to move for a judgment of acquittal after the jury's verdict and failure to request a continuance after the State announced its intent to call Amiet as an expert witness (claim two); that his convictions constitute allied offenses of similar import that should have been merged at sentencing (claim three); and that he was denied a fair trial based on cumulative error (claim four). The Magistrate Judge recommended the dismissal of claims one through three as procedurally defaulted and the dismissal of claim four as without merit.

Petitioner objects to the Magistrate Judge's recommendations. Petitioner again argues that he could not comply with the state procedural rules governing claims one through three because no valid judgment of sentence was entered. He refers to *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), in support of this argument. He also alleges improper collusion in connection with the state appellate process in this case.

Petitioner's arguments are not well-taken. Claims one through three were properly raised by Petitioner in his direct appeal, but Petitioner procedurally defaulted these claims by failing to file a timely appeal to the Ohio Supreme Court from the state appellate court's May 29, 2014, decision. The Ohio Supreme Court denied Petitioner's subsequent motion for a delayed appeal, and Petitioner can now no longer properly present claims one through three to the state courts by operation of Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St. 3d (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981); *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Petitioner's claim that there was no valid judgment from which to file an appeal to the Ohio Supreme Court is not supported by the record. As discussed by the Magistrate Judge, see R&R, ECF No. 14, PAGEID # 609, the trial court's issuance of corrected entries pursuant to the order of remand of the Ohio Court of Appeals (for the limited purpose of merging Petitioner's convictions on the charges of drug possession and drug trafficking) did not serve to "resurrect" the other claims raised in Petitioner's initial direct appeal, nor does the record reflect collusion in connection with that appeal. *Crangle*, referred to by the Petitioner, addressed only the effect of a state court's re-sentencing entry on the one-year statute of limitations governing federal habeas corpus actions. *See* 28 U.S.C. § 2244(d). *Crangle* does not assist Petitioner on the issue of his procedural default. Further, Petitioner has failed to establish cause and prejudice for his failure to file a timely appeal to the Ohio Supreme Court.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's R&R, Petitioner's objection, ECF No. 21, is **OVERRULED**. The R&R, ECF No. 14, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether petitioner's claims should have been resolved differently or that jurists of reasons would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** and terminate this case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**